IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DA'SHAWN COLEMAN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. WDQ-14-2527 |
| DENISE LEIFESTE, GAIL REBSTOCK, PROGRESSIVE FINANCIAL SERVICES, MERCY HOSPITAL | * | |
| Defendants. | * | |

MEMORANDUM

Self-represented plaintiff Da'Shawn Coleman has supplemented his Complaint in response to court order. (ECF 3, 4). The Complaint as supplemented seeks to sue Defendants pursuant to the Identity Theft and Assumption Deterrence Act of 1998 ("ITADA"), 18 U.S.C. § 1028.

Coleman filed his complaint under 28 U.S.C. § 1915 which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. The statute requires a court to dismiss any claim that fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). This court is mindful of its obligation to liberally construe the pleadings of pro se litigants such as Coleman. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.

1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

Coleman, who states he is a victim of identity theft, complains Defendants improperly garnished his wages, reported problems with his credit, and terminated him from employment knowing his identity had been stolen.[1] Coleman states he never applied for the student loans, he apparently now owes. However, he admits to "signing" for $3500 and $2000, but states "I really never created the debt nor knew where they were coming from… my interpretation was that they were awarded scholarships." (ECF 1, p. 2). As relief, he seeks $100,000 in damages, a waiver of garnishments, the lifting of his state tax lien, and "relief of the fraudulent debt."

ITADA is a criminal statute.[2] Plaintiff fails to demonstrate that Congress intended that ITADA provide a private right of action to civil litigants. *See Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (stating that the party seeking to imply a private right of action bears the burden to show that Congress intended to make one available); Further, the statute contains no provision for a civil remedy. *See e.g. Rahmani v. Resorts Int'l Hotel, Inc.*, 20 F.Supp.2d 932, 937 (E.D.Va.1998); *Garay v. U.S. Bancorp.*, 303 F.Supp.2d 299, 302 (E.D.N.Y. 2004). Thus, Coleman does not present a cognizable basis to pursue this action, and this matter will be dismissed for failure to state a claim upon which relief may be granted.

_11/3/14_
Date

_/s/ William D. Quarles, Jr._
William D. Quarles, Jr.
United States District Judge

---

[1] Coleman also indicates he was mistakenly arrested as a result of the identity theft.

[2] Coleman does not allege Defendants stole his identity. Rather, it seems that Coleman faults Defendant Denise Leifeste, a representative of Progressive Financial Services, for requesting garnishment of his wages and Gail Rebstock, who works at Mercy Hospital in Baltimore, Maryland, for terminating him from employment when he opposed the the garnishment. Coleman avers Defendants were aware that he is a victim of identity theft and acted in concert against him.